himself as to the materiality of the witnesses. That rule only prevails where the party making the affidavit is not an attorney and counselor of this court. He then proceeds in his affidavit to state what he has been informed and what he expects to prove by the various witnesses named by him. We regard this affidavit sufficient in form and that the preliminary objections were properly overruled."

*Samuel R. Stern*, for the appellants.

*Charles C. De Lude*, in person.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

MABEL CLARK, APPELLANT, *v.* WILLIAM CANDEE, RESPONDENT.

*Practice — commission to examine a party in his own behalf — not allowed if the court has reason to believe the application is not made in good faith — Code of Civil Procedure, secs. 887, 888, 889.*

APPEAL from an order made March 6, 1882, by the county judge of Onondaga county, denying an application for an order granting a commission to take the testimony of the plaintiff in the State of New Jersey, with leave to renew.

The action is brought to recover for the conversion of personal property.

The court at General Term said: "Since the amendment of section 887 of the Code of Civil Procedure, power to issue a commission to examine a party has existed. In a proper case the power should be exercised. *Sweeney* v. *Sturgis* (24 Hun, 163) discusses power to issue an order for the examination of an adverse party, and many of the observations made there are applicable to a case when a proper application is made for a commission to take the testimony of a party in his own behalf.

"The case in hand is within subdivision 5 of section 888 of the Code of Civil Procedure, and it is also to be governed by section 889 of the Code of Civil Procedure. That section declares such an application 'must be granted upon satisfactory proof of the facts

authorizing it, *unless the court or judge has reason* to believe that the application is *not* made in good faith. \* \* \*'

"In opposition to the motion, the defendant read an affidavit, in which he stated his readiness to stipulate a reference of the action, and that the evidence of the plaintiff be taken before the referee without delay and at the plaintiff's home in New Jersey, and that the sole object of examining her in New Jersey on commission is to keep her from before the court which is to hear and determine this action, and to gain an undue advantage herein by the person or persons who surround her, over-persuading and unduly influencing her.

"Inasmuch as such an affidavit was used and not replied to, and inasmuch as the plaintiff has appealed from the order made instead of replying to such affidavit, in papers renewing his motion, we are to consider whether, under the particular language of the statute we have quoted from section 889, the judge had 'reason to believe that the appellant's application' was not made in good faith. We must assume he did so believe when he denied the motion, and we cannot say he was wholly without reason so to believe. We ought not, therefore, to reverse his order. To do so would be to say that he abused his discretion, and that he had no reason to believe the application was not made in good faith. We do not think so.

"Possibly the learned county judge supposed that he had a right to require the plaintiff to consent to a reference. We are of the opinion that the action is not referable *per se*, as it is for conversion, and according to the allegations of the complaint, stands as an ordinary action of trover. Such an action is not referable. (*Townsend* v. *Hendricks*, 40 How., 143; *Welsh* v. *Darragh*, 52 N. Y., 590; *Verplanck* v. *Kendall*, 45 N. Y. Supr. Ct. [13 J. & S.], 525; *Camp* v. *Ingersoll*, 86 N. Y., 435.)

"However, upon the first ground stated in this opinion, the order should be affirmed."

Order affirmed, without costs.

*Bliss & Schley*, for the appellant.

*Hiscock, Gifford & Doheney*, for the respondent.

Opinion by HARDIN, J.; BARKER, J., concurred; SMITH, P. J., dissented.

Order affirmed, without costs.